The judgment of court (Rost, J. recusing himself .on account of relationship,) was pronounced by
Slidell, J.
In August, 1845, Afrs. Louisa (Harvey received from her father, on the eve of her marriage, as a dation en paiement for an amount due by him as her natural tutor, certain squares of ground in a contemplated town. In 1849, she .obtained .a de.cr.ee against his succession, adjudging the nullity of the conveyance. The ground of this action of nullity was, that she was at the time a minor; that she was entitled to an account of tutorship; and that the settlement and contract made With her tutor before the rendition of that account \yere null and void. The property was consequently restored to the mass of the succession.
*484 The sale having been annulled, Mrs. Harvey contends, that the debt due by her father never having been paid, bears interest from 9th August, 1845. The executor resists this pretension, and relies on the legal inferences which it is said are deducible from the 2531st article of the code. It declares that the buyer owes interest on the price of the sale until the payment of the capital, if the thing sold produces fruits or any other income.
It is not proved that the lands sold did produce fruits while in the possession of Mrs. Harvey. So far as any inference may be drawn from the facts disclosed by the evidence, it would be in favor of Mrs. Harvey. For the property, of which that given in payment formed part, was intended by the deceased to be converted from a rural to an urban destination.
Considering the relations between the parties at the time of the sale, the causes for which it was dissolved, and the condition of Mrs. Harvey, we are of opinion, that upon the rescission of the contract, she was not to be considered as having received, in .fruits, during her possession, an equivalent for the interest of the amount due by her father, in payment of which the sale was made; but that, on the contrary, the burthen was upon the executor to show that she received an amount of fruits equivalent to such interest, or at least, that with ordinary care, such frpits plight have been produced. “We say “at least,” without, however, intending to hold positively that it would have sufficed in the present case to prove such capacity to produce equivalent fruits.
This view of her rights and of the burthen of proof is, we think, fairly deducible from the articles of the codq cited by the appellant, and the general policy of our laws touching minors and other incapable persons. See Civil Code, 2226. See also 1872, 2570. In commenting on the article 1312 of the Napoleon Code, which corresponds with arfi.c}.e 2226 of our own. Duranton observes: Ainsi c’est l’adversaire á prouver que ce qpi a. été payé a tourné au profit de l’incapable; par exemple que la somme á servi á payer une dette légitime, á leur propre subsistence, á l’entretien et á la reparation de leurs biens, etc. Duran-ton, vol. 12, § 562.
After a careful consideration of the claim of Mrs. McCutcheon for interest on the amount of her nraternal inheritance down to the death of her father, we are of opinion that it is .satisfactorily answered by the district judge, to whose reasoning we refer-. Nor upder the evidence do we feel authorized to disturb his decree respecting the amount paid tq Mr. Grailhe. The executor’s account having allowed the interest from the 17th February, 1849, the interest now allowed is to be calculated from 9th August, 1845, up to that date.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be so amended ns to allow to Mrs. XjQuisa, Harvey, in addition to the interest credited to her, a further sum of thirteen hundred and eighty dollars, being interest at the rate of five per cent per annum on eight thousand dollars from the 9th August, 1845, to the 17th February, 1849. It is further ordered, that the judgment so amended be affirmed; the costs in both courts to be borne by the succession.